BUFFALO GENERAL LAUNDRIES CORPORATION, Plaintiff, *v.* ALFRED W. MUNZERT, Defendant.

Supreme Court, Erie County, September 19, 1928.

**Contempt — civil contempt — motion to punish employer of defendant for violating injunction order restraining defendant from entering laundry business — facts show that defendant was not employed to work for laundry company but to do private work for employer — motion denied.**

A motion to punish the employer of the defendant for contempt of court for willfully violating an injunction order restraining the defendant from either directly or indirectly entering the laundry business in the city of Buffalo, which motion was based on the allegation that the said employer engaged the defendant to work in his laundry with knowledge of the injunction order, is denied, since it appears that the defendant was employed to do odd jobs merely and to drive the employer's automobile, and that he was not engaged to work in the employer's laundry.

MOTION to punish employer of defendant for violating injunction order restraining defendant from entering into laundry business.

---

* Adding section 1512-a to Civil Practice Act.— [REP.

*Donovan & Raichle* [*Ethan W. Judd* of counsel], for the plaintiff.

*Frank A. Abbott* [*George Clinton, Jr.,* of counsel], for the defendant.

HORTON, J.   This is a motion to punish one Charles Walters for contempt of court for willfully violating an injunction order restraining the defendant Munzert from directly or indirectly entering into the laundry business in the city of Buffalo before November 6, 1928, in breach of a contract in regard thereto. Walters is the manager of the Excelsior Laundry Corporation, and is alleged to have employed Munzert with knowledge of the terms of the injunction order.   Munzert has already been held in contempt of court, and the claim is made that Walters is equally guilty because whatever was done by Munzert was with the knowledge and perhaps even the connivance of Walters, who insists, however, that although he employed Munzert, he did not violate either the letter or the spirit of the restraining order, because the employment was simply for the doing of odd jobs and the driving of Walters' private car, with nothing for the laundry company except on one or two occasions when Munzert was permitted to load supplies upon one of the laundry trucks.   I do not regard this as a violation of the injunction order.

" The defendant sold out his stock and business to the plaintiffs, and agreed not to engage in it again for five years at the places designated, either directly or indirectly, and large damages are stipulated in case of breach of the agreement.   The contract is not to be extended, by construction, beyond the fair and natural import of the language used, but full effect must be given to the intent of the parties as thereby expressed.   The action is for the stipulated damages for the alleged violation of defendant's express covenant or agreement not to engage in the business, directly or indirectly.   From the circumstances of his giving up and selling out his business entirely, including the good-will thereof, we should naturally infer that the parties meant, by the terms used, that the defendant was to keep out of it, and was not to enter it again, either alone or with another, or in his name or for him, in any such capacity (whether salesman, foreman, or managing agent) as would naturally result in working the mischief which it was the plain purpose of the contract to prevent.   The words ' directly or indirectly ' emphasize the agreement, and permit no evasion of its purpose and object.   To engage his services to or in assisting a rival dealer in the same business, to solicit and make sales, and to influence buyers in that market, including his old customers, would, we think, be fairly within the terms of the contract.   But it refers to *engaging* in business; it does not extend merely to isolated

acts which might tend to interfere with the plaintiffs' business, or to occasional services voluntarily rendered for the convenience or accommodation of another in good faith.   Nor do we think it would include subordinate employment, not affecting the management or control of the business, or directly influencing custom." (*Nelson v. Johnson*, 38 Minn. 255.)

The order of this court punishing Munzert for contempt was based upon the undenied charge that he had been soliciting business for the Excelsior Laundry Corporation after the injunction order had been served upon him.   He was, therefore, clearly guilty of disobedience of the order of the court.   Upon this motion, however, the proof submitted by the plaintiff seems insufficient to warrant the court in finding a violation of the order, and the application to punish Walters for contempt is, therefore, denied.